## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:21-CR-00204 |
| v. | (Chief Judge Brann) |
| HUNTER RYAN ANDERSON, | |
| Defendant. | |

## MEMORANDUM, OPINION, AND ORDER

### DECEMBER 5, 2023

In 2021, Hunter Ryan Anderson was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] The indictment alleges that Anderson has previously been convicted of a felony offense, thereby prohibiting him from possessing a firearm.[2] Criminal docket sheets from the Court of Common Pleas of Centre County reveal that Anderson has been convicted of multiple felonies, including two prior convictions for delivery or possession with the intent to deliver a controlled substance, in violation of 35 Pa. Stat. and Cons. Stat. § 780-113(a)(30).[3]

Following the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*,[4] Anderson filed a motion to dismiss, arguing

---

[1]  Doc. 1. The indictment also includes a forfeiture allegation. *Id.* at 2-3.
[2]  *Id.*
[3]  *See* Criminal Docket Sheet, *Commonwealth v. Anderson*, No. CP-14-CR-0001038-2015 (Pa. Com. Pl.); Criminal Docket Sheet, *Commonwealth v. Anderson*, No. CP-14-CR-0001263-2017 (Pa. Com. Pl.).
[4]  142 S. Ct. 2111 (2022).

that, in light of *Bruen*, the charge against him must be dismissed.[5] The Government responds that the indictment should not be dismissed, since 18 U.S.C. § 922(g)(1) is facially constitutional and constitutional as applied to Anderson.[6]

The United States Supreme Court in *Bruen* explained the proper legal test for courts to apply when determining whether a law violates the Second Amendment. That test involves primarily an historical analysis:

> when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."[7]

In circumstances where a law seeks to address a societal problem with no historical analogue, the Supreme Court stated that "analogical reasoning under the Second Amendment is neither a regulatory straightjacket nor a regulatory blank check."[8] In all circumstances, the Second Amendment "requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*. So even if a modern-day regulation is not a dead ringer for historical

---

[5]   Docs. 69, 70.
[6]   Doc. 74.
[7]   *Bruen*, 142 S. Ct. at 2126.
[8]   *Id.* at 2133.

precursors, it still may be analogous enough to pass constitutional muster."[9] Thus, when confronted with regulations "that were unimaginable at the founding," courts must reason "by analogy," which "requires a determination of whether the two regulations are relevantly similar" using "at least two metrics: how and why the regulations burden a law-abiding citizen's right to armed self-defense."[10]

Applying that test to individuals who have been convicted of drug trafficking offenses, this Court in *United States v. Reichenbach* observed that "'[i]llegal drug trafficking is a largely modern crime' with no direct historical analogue," and therefore the Court considered "varied analogues in analyzing whether § 922(g)(1) may properly bar drug traffickers from possessing firearms."[11] After examining this Nation's historical record, the Court determined that early American laws, "although somewhat disparate in their targets and impact, all share a common concern and throughline. They were all targeted at groups that lawmakers deemed dangerous and disruptive to society, and were aimed at protecting the public from violence and disorder."[12]

Applying those historical analogues to § 922(g)(1), as applied to individuals who have been convicted of felony drug trafficking offenses, this Court then

---

[9]   *Id.*

[10]  *Id.* at 2132-33.

[11]  *United States v. Reichenbach*, No. 4:22-CR-00057, 2023 WL 5916467, at *6 (M.D. Pa. Sept. 11, 2023) (quoting *United States v. Alaniz*, 69 F.4th 1124, 1129 (9th Cir. 2023)). The Court also determined that § 922(g)(1) is facially constitutional. *Id.* at *5-6.

[12]  *Id.* at *7.

examined "the question of 'how and why the regulations burden a law-abiding citizen's right to armed self-defense.'"[13] In assessing the "why" metric, the Court noted that early American laws "were targeted at groups that lawmakers deemed dangerous and disruptive, and the laws sought to protect the public from violence and disorder" and observed that, as applied to drug trafficking offenses, "lawmakers have made a reasoned decision that drug traffickers are dangerous and disruptive to society. Especially so given the well understood connection between drugs, firearms, and deadly violence, which the Supreme Court has described as a 'dangerous combination.'"[14] The why of early laws and modern laws therefore closely align.[15]

So too does the "how" metric: "modern society has, similar to the founding generation, decided that the only effective method of protecting the lives of its citizens is by preventing convicted drug traffickers from possessing firearms."[16] Given that both metrics closely align the Nation's early firearm regulations with § 922(g)(1) as applied to convicted drug traffickers, "the Court easily conclude[d] that those early American laws are sufficiently analogous to § 922(g)(1) as applied to drug traffickers," and any indictment based upon § 922(g)(1) "must stand."[17]

---

[13]   *Id.* at *8 (quoting *Bruen*, 142 S. Ct. at 2132-33).
[14]   *Id.* (quoting *Muscarello v. United States*, 524 U.S. 125, 132 (1998)).
[15]   *Id.*
[16]   *Id.* at *8-9.
[17]   *Id.* at *9.

Because Anderson has similarly been convicted of a felony drug trafficking offense—the very same offense of which Reichenbach had been convicted[18]—the reasoning applied in *Reichenbach* also applies here. 18 U.S.C. § 922(g)(2) is neither facially unconstitutional nor unconstitutional as applied to Anderson. Accordingly, the Court will not dismiss the indictment.

Consequently, **IT IS HEREBY ORDERED** that Anderson's motion to dismiss the indictment (Doc. 70) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[18]   *See id.* at *1.